UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY LAVERN SPENCER,

                Petitioner,

v.                               Case No. 3:05-cv-706-J-32TEM

FLORIDA PAROLE COMMISSION,
et al.,

                Respondents.

_____

**<u>ORDER</u>**[1]

**I. Status**

    Petitioner Randy Lavern Spencer, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on July 26, 2005. Thereafter, in accordance with this Court's Order (Doc. #4), Petitioner filed an Amended Petition for Writ of Habeas Corpus (hereinafter Amended Petition) (Doc. #9). In the Amended Petition, Petitioner challenges the Florida Parole Commission's April 23, 2003, revocation of his conditional release on thirteen grounds.

_____

     [1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

Respondent Florida Parole Commission filed a Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Doc. #13). In support of the contentions, Respondent submitted exhibits.[2] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #10). Petitioner has responded and has submitted exhibits in support of his contentions. See Petitioner's Reply to Response (Doc. #14); Petitioner's Exhibits Record (Doc. #15) (hereinafter Petitioner's Ex.). Further, in accordance with this Court's August 14, 2008, Order (Doc. #19), Respondent filed an Amended Response (Doc. #22) with supplemental exhibits (Docs. #23, #24, #25), and Petitioner filed a Supplemental Reply (Doc. #28) with supplemental exhibits (Doc. #29) (hereinafter Petitioner's Supp. Ex.).

## II. State Court Procedural History

The state court procedural history of this case was set forth in this Court's previous Order (Doc. #19) and is incorporated herein.

## III. Revocation of Conditional Release

In 1992, pursuant to a plea agreement, Petitioner was adjudicated guilty of second degree murder, aiding and abetting a burglary of an occupied structure and violation of probation and

---

[2] The Court will hereinafter refer to Respondent's exhibits as "Ex." and "Supp. Ex." See Response (Doc. #13); Amended Response and exhibits (Docs. #22, #23, #24, #25).

was sentenced to twenty-two years of incarceration, a concurrent fifteen years of incarceration and a concurrent five years of incarceration. On September 30, 2002, after serving approximately ten years of the prison term, he was released on conditional release supervision and agreed to the terms of supervision as evidenced by his signature on the Certificate of Conditional Release and Conditions of Supervision, dated October 2, 2002. Supp. Ex. A.

On October 30, 2002, as evidenced by an Offense Incident Report and Complaint Affidavit from the Columbia County Sheriff's Office, dated October 31, 2002, Petitioner allegedly committed the crimes of kidnapping, sexual battery and battery. Supp. Ex. B. The Department of Corrections sent a Violation Report, dated October 31, 2002, to the Florida Parole Commission. Id.; Petitioner's Supp. Ex. B.

On January 17, 2003, an Arrest Affidavit was executed, reflecting that Petitioner was found hiding underneath a bed in a residence and resisting arrest without violence. Supp. Ex. C. The Department of Corrections sent a Second Addendum Violation Report, dated January 23, 2003. Id.; Petitioner's Supp. Ex. E.

On February 4, 2003, an Amended Warrant for Retaking Conditional Release was authorized by the Commission. Supp. Ex. D; Petitioner's Supp. Ex. G. The Warrant stated that Petitioner had violated the terms and conditions of his conditional release by

changing his residence; by failing to make a full and truthful report; by failing to obey all laws in that, on October 29, 2002, he did unlawfully forcibly, secretly, or by threat confine, abduct or imprison Nancy Merriex against her will; by failing to obey all laws in that, on October 29, 2002, he did unlawfully commit sexual battery upon Nancy Merriex against her will; and by failing to obey all laws in that, on October 29, 2002, he did unlawfully touch, strike or cause bodily harm to Nancy Merriex against her will. Id.

On January 23, 2003, the Commission executed a Notice of Hearing on the conditional release violation. Supp. Ex. E; Petitioner's Supp. Ex. F. And, on February 5, 2003, the Commission executed an Amended Notice of Hearing on the conditional release violation. Id. On February 19, 2003, Parole Examiner Johnnie Sheffield conducted a conditional release hearing, at which Petitioner was represented by counsel (F. Reed Replogle). Supp. Ex. F. Mr. Sheffield, on March 12, 2003, prepared a Summary of Violation Hearing and attached the relevant documentation.[3] Supp. Ex. G; Petitioner's Supp. Ex. C. Based upon the findings of fact as to the alleged violations, Mr. Sheffield recommended that Petitioner's supervision be revoked and that he resume serving his prison commitment. Id. at 11.

---

[3] The tapes of the February 19, 2003, revocation hearing apparently no longer exist. See Supp. Ex. I, Affidavit of Mills E. Rowland, Regional Administrator, Operations, Region II, Florida Parole Commission.

On April 23, 2003, the Florida Parole Commission issued its Order revoking Petitioner's conditional release supervision for multiple violations of conditions of supervision, thereby causing the forfeiture of his gain time and returning him to the state prison, where he is currently serving the sentences imposed in 1992. Supp. Ex. H.

## IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted.

## V. Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[4] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d);

---

[4] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

> Marquard, 429 F.3d at 1303. The phrase
> "clearly established Federal law," as used in
> § 2254(d)(1), encompasses only the holdings,
> as opposed to the dicta, of the United States
> Supreme Court as of the time of the relevant
> state court decision. See Carey v. Musladin,
> 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d
> 482 (2006) (citing Williams v. Taylor, 529
> U.S. 362, 412, 120 S.Ct. 1495, 1523, 146
> L.Ed.2d 389 (2000)); Osborne v. Terry, 466
> F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the

7

extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## VI. Ineffective Assistance of Counsel

The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> To prevail on a claim of ineffective assistance of counsel, the defendant must show: (1) that [his] counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that [he] suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

> To meet the deficient performance prong of the Strickland test, the defendant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Id. at 689. Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Even if a decision appears to have been wrong, the decision will be held ineffective only if it was so unreasonable that no competent attorney would have chosen it. Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983); see also Chandler, 218 F.3d at 1315 ("for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take").

> To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been
different." Strickland, 466 U.S. at 694. "A
reasonable probability is a probability
sufficient to undermine confidence in the
outcome." Id. It is not enough for the
defendant to show that the error had some
conceivable effect on the outcome of the
proceeding. Id. at 693.

Schier v. United States, No. 07-13592, 2009 WL 405376, at *1 (11th

Cir. Feb. 19, 2009).

## VII. Findings of Fact and Conclusions of Law

### A. Grounds One Through Four

In his Amended Petition, Petitioner sets forth grounds one

through four as follows:

**Ground One**: Amended Charges; Departure from
Law.

Parole Commission's revocation of Petitioner's
conditional release based upon amended charges
which no probable cause or arrest warrant were
made, and which charges are barred and
vindictively filed are departure from law.
Counsel provided ineffective assistance for
failure to contest the unlawful charges.

**Ground Two**: Violation Report; Departure from
Law.

Parole Commission's violation report
consist[s] of misstatements and omissions with
intent for probable cause by deception, which
[was] used to imprison Petitioner constitutes
departure from law. Counsel provided
ineffective assistance for failure to contest
the unlawful report.

**Ground Three**: Un-neutral Preliminary Hearing
Officer; Departure from Law.

Parole Commission's preliminary hearing
officer, Johnnie Sheffield, departed from the

> requirements of law because he was not neutral
> where [sic] conducting [the] investigation,
> interviewed and subpoenaed witnesses, compiled
> evidence and filed charges against petitioner,
> then presided and rendered findings for
> revocation. Counsel provided ineffective
> assistance for failure to disqualify the
> unlawful administrative judge.
>
> **Ground Four:** Unilateral Summary; Departure
> from Law.
>
> Hearing Officer Johnnie Sheffield's failure to
> include petitioner's defensive responses in
> the summary of findings is departure from law.

Amended Petition at 6-10.

Petitioner raised these claims in his state petition for writ
of habeas corpus and accompanying memorandum of law. Ex. A, Second
Amended Petition for Writ of Habeas Corpus; Petitioner's Ex. BB,
Second Amended Memorandum of Law. The trial court denied the
petition on the merits with respect to these claims, stating in
pertinent part:

> The Petitioner bases his claim on
> thirteen grounds. In the first four grounds,
> the Petitioner alleges that the Florida Parole
> Commission abused its discretion by departing
> from the essential requirements of law. The
> main assertion by the Petitioner is that the
> hearing officer's findings were based [o]n
> charges that were dismissed, and therefore,
> the Petitioner could not be arrested or have
> his conditional release revoked by the Florida
> Parole Commission. The Petitioner is incorrect
> in this assertion. The Petitioner was found in
> violation of his conditional release based on
> section 947.141 of the Florida Statutes. The
> Florida Parole Commission had reasonable
> grounds to arrest the Petitioner per FSA
> 947.141 (a), and the Florida Parole Commission
> made findings of fact per FSA 947.141(d) which

> found that the Petitioner was in violation.
> Upon the finding of fact by the Florida Parole
> Commission, the Petitioner's conditional
> release was revoked and the Petitioner was
> returned to the Florida Department of
> Corrections.

Ex. B, Order on "Second Amended Petition for Writ of Habeas Corpus."

Petitioner sought appellate review by filing a *pro se* Petition for Writ of Certiorari in the First District Court of Appeal. Ex. C. The Florida Parole Commission responded, contending that the Petitioner is not entitled to the extraordinary judicial relief of certiorari. Ex. D. On June 30, 2005, the appellate court per curiam denied the petition for certiorari on the merits. <u>Spencer v. Florida Parole Com'n</u>, 906 So.2d 1065 (Fla. 1st DCA 2005); Ex. E.

Accordingly, the claims were rejected on the merits by the state trial and appellate courts. Thus, the grounds should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of these claims because the state courts' adjudications of the claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## B. Ground Five

In his Amended Petition, Petitioner sets forth ground five as follows:

> **Ground Five**: Administrative Findings on Criminal Charges; Departure from Law.
>
> Parole Commission's findings on criminal charges absent any constitutional or statutory authority, nor judiciary or state attorney involvement, constitutes departure from law. Counsel provided ineffective assistance by failure to contest the Parole Commission's unlawful criminal charges.

Amended Petition at 13.

Petitioner raised this claim in his state petition for writ of habeas corpus and accompanying memorandum of law. Ex. A; Petitioner's Ex. BB. With respect to this claim, the trial court denied the petition on the merits, stating in pertinent part:

> In Ground V, the Petitioner alleges that the Florida Parole Commission abused its discretion by failing to reject the Hearing Officer's findings where the findings were based on charges when the State of Florida declined to prosecute the Petitioner on the charges.[5] The Petitioner is also incorrect in this assertion. In order to be convicted at trial, a defendant must be found guilty beyond a reasonable doubt. In order to have conditional release revoked, there must be reasonable grounds to bring about a violation hearing, and the Florida Parole Commission

---

[5] See Petitioner's Supp. Ex. D, Letter to Ms. Nancy Merriex from the Assistant State Attorney, dated December 5, 2002 (notifying Ms. Merriex that prosecution against Mr. Randy L. Spencer had been declined because "[t]here is insufficient evidence to prove these charges beyond a reasonable doubt"); Supp. Ex. G.

> must make a finding of fact that there was
> indeed a violation. In the instant case, the
> record shows that these requirements were met,
> and the revocation of the Petitioner's
> conditional release was within the discretion
> of the Florida Parole Commission.

Ex. B at 1-2. As previously noted, the appellate court per curiam denied the petition for certiorari on the merits.

Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, the ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## C. Ground Six

In his Amended Petition, Petitioner sets forth ground six as follows:

> **Ground Six**: Common Law Violates Separation of
> Powers.
>
> Parole Commission's findings contrary to
> Legislature's delegated authority, and Parole
> Commission's attempt to define criminal
> behavior or declare what laws shall be,
> constitutes infringement of the separation of
> powers doctrine. Counsel provided ineffective

assistance by failure to contest the common law allegations.

Amended Petition at 14.

Petitioner raised this claim in his state petition for writ of habeas corpus and accompanying memorandum of law. Ex. A; Petitioner's Ex. BB. With respect to this claim, the trial court denied the petition on the merits, stating in pertinent part:

> In Ground VI, the Petitioner alleges that the Florida Parole Commission abused its discretion by failing to reject the Hearing Officer's findings of facts based on the separation of powers. The Petitioner is incorrect in this assertion. The Florida Parole Commission is authorized by statute to oversee prisoners on conditional release. As part of that oversight, the Florida Parole Commission is authorized to revoke conditional release upon a finding of fact that a violation has occurred. The record shows that the Petitioner was found in violation of his conditional release, as required by FSA 947.141, and was properly returned to the Florida Department of Corrections.[6]

Ex. B at 2. As previously noted, the appellate court per curiam denied the petition for certiorari on the merits.

Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, the ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner

---

[6] See Barber v. State, 988 So.2d 1170, 1179 (Fla. 4th DCA 2008) ("In revoking conditional release, the Parole Commission returns a defendant to serve the remainder of a sentence previously imposed by a judge; it does not impose a new sentence.").

is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## D. Grounds Seven Through Eleven

In his Amended Petition, Petitioner sets forth grounds seven through eleven as follows:

> **Ground Seven**: Findings on Criminal Behavior Not Based upon Competent Substantial Evidence; Departure of Law.
>
> Parole Commission had no verified facts of competent substantial evidence that petitioner exhibited criminal behavior, and the findings and imprisonment constitutes departure from law. Counsel provided ineffective assistance for failure to represent petitioner in defense as required by law.
>
> **Ground Eight**: Findings On Resisting Arrest Without Competent Substantial Evidence; Departure from Law.
>
> Parole Commission had no verified facts of competent substantial evidence that petitioner resisted deputy Winston Warner where deputy offered admissions that he was not engaged in the lawful execution of a legal duty when he had no search or arrest warrant when [he] unlawfully seized petitioner at the verbal instruction of conditional release officer Steven Pace.
>
> **Ground Nine:** Ex Post Facto Application of Curfew in Violation of Rule of Sequestration; Departure from Law.

Parole Commission's imprisonment of Petitioner
for violating curfew is departure from law,
where curfew law did not exist when
Petitioner's offense occurred in 1991, but
enacted in 1995, and the retroactive
application of the harsher and severe curfew
law violates [the] ex post facto clause. And
the imprisonment based upon conditional
release officer Thomas Musgrove's evidence,
that Petitioner admitted violating curfew, did
not exist but obtained in violation of the
rule of sequestration during the preliminary
hearing. Musgrove remained inside of the
Hearing Room and after hearing the preceding
testimony of Parole Commission's witness Nancy
Merriex, in collusion Musgrove arbitrarily
provided the false evidence that Petitioner
had admitted violating curfew. Counsel
provided ineffective assistance by failure to
contest the unlawfully applied curfew law and
by not invoking the sequestration rule.

**Ground Ten**: Unsubstantial Unauthorized Change
of Residence; Departure from Law.

Parole Commission's imprisonment of Petitioner
based upon conditional release officer Steven
Pace's unsubtantial evidence, that
Petitioner's mother informed Pace that
Petitioner moved to sister's residence,
constitutes departure from law. Pace provided
a subsequent sworn statement that Petitioner
resides with mother. Mother testified and
denied informing Pace. Sister testified that
Petitioner does not live with her and had not
moved from mother's. Norton testified that
Petition[er] had not moved and resides with
mother. Allegation that Pace had been
informed by mother that Petitioner moved to
sister's was wholly unsubstantial. Counsel
provided ineffective assistance for failure to
obtain copies of evidence used against
Petitioner to counter the unsubstantial
charge.

**Ground Eleven**: Unsubstantial "First Tuesday"
Law Violates Rule of Sequestration Upon
Departure from Law.

Parole Commission's imprisonment of Petitioner based upon Officer Musgrove's unsubstantial evidence, that Petitioner was instructed to report first Tuesday each month, is departure from law. The so-called "first Tuesday" reporting law was never charged and did not exist until the preliminary hearing. Officers Musgrove and Pace remained together inside of the Hearing Room and heard each other's testimony, then in collusion arbitrarily colored their testimony to create the nonexistent "First Tuesday" law in violation of the rule of sequestration. Counsel provided ineffective assistance for failure to obtain copies of evidence used against Petitioner to contest the unlawful "first Tuesday" reporting and envoke [sic] the rule of sequestration.

Amended Petition at 16-23A.

Petitioner raised these claims in his state petition for writ of habeas corpus and accompanying memorandum of law (Ex. A; Petitioner's Ex. BB), and the trial court denied the petition on the merits, stating in pertinent part:

In Grounds VII, VIII, IX, X, and XI, the Petitioner alleges that the Florida Parole Commission abused its discretion for failing to reject the Hearing Officer's findings which were not based on competent substantial evidence. The Petitioner is incorrect in his assertion. As noted in Ground V, a conviction at trial requires that a defendant be found guilty beyond a reasonable doubt; whereas, conditional release may be revoked, there must be a finding of fact that there was indeed a violation by the Florida Parole Commission. In the instant case, the record shows that these requirements were met, and the revocation of the Petitioner's conditional release was within the discretion of the Florida Parole Commission.

Ex. B at 2. As previously noted, the appellate court per curiam denied the petition for certiorari on the merits.

Accordingly, the claims were rejected on the merits by the state trial and appellate courts. Thus, the grounds should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of these claims because the state courts' adjudications of the claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## E. Ground Twelve

In his Amended Petition, Petitioner sets forth ground twelve as follows:

> **Ground Twelve**: "Failure to Follow Instruction" Violates Double Jeopardy.
>
> Parole Commission's imprisonment of Petitioner for failure to follow instruction to report on December 10, 2002, is in violation of double jeopardy. The law requires that Petitioner report between the 1st and 5th of each month, but there exist[s] no law to report the 10th. Petitioner was charged with failure to report and failure to follow instructions to report. It was discovered that Petitioner had reported by the 5th of December and the charge was dropped. However, Petitioner's liberty was again placed in jeopardy for failure to follow instructions to report. Petitioner could not

have been placed in jeopardy twice for the
same "not reporting" allegation. Counsel
provided ineffective assistance for failure to
obtain copies of the evidence used against
Petitioner to prevent the unlawful double
jeopardy.

Amended Petition at 24-24A.

Petitioner raised this claim in his state petition (Ex. A;

Petitioner's Ex. BB), and trial court denied the petition on the

merits, stating in pertinent part:

> In Ground XII, the Petitioner alleges
> that the Florida Parole Commission abused its
> discretion by finding that the Petitioner
> failed to follow instruction[s] to report
> [which] was a violation of double jeopardy.
> The Florida Parole Commission is given the
> task of reviewing each case on its merits and
> revoking conditional release if it is
> warranted per F.S.A. 947.141(4). In the
> instant case, the Petitioner was found in
> violation, and the Florida Parole Commission
> revoked the conditional release, and returned
> the releasee to prison to serve the sentence
> originally imposed. The Florida Parole
> Commission has acted within the scope of its
> authority, and no violation of double jeopardy
> was visited upon the Petitioner by the re-
> imposing of the sentence for which he was
> first sent to the Florida Department of
> Corrections.

Ex. B at 2. As previously noted, the appellate court per curiam

denied the petition for certiorari on the merits.

Accordingly, the claim was rejected on the merits by the state

trial and appellate courts. Thus, the ground should be addressed

applying the deferential standard for federal court review of state

court adjudications, as required by AEDPA. Upon a thorough review

of the record and the applicable law, it is clear that Petitioner

is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### F. Ground Thirteen

In his Amended Petition, Petitioner sets forth ground thirteen as follows:

> **Ground Thirteen:** Imprisonment and Deprivation of Gain Time before Revocation; Departure from Law.
>
> Parole Commission imprisoned Petitioner on February 27, 2003, before revoking conditional release, resulting in deprivation of 48 gain time credits while awaiting transfer to a permanent institution in August 2003, which constitutes departure from law.

Amended Petition at 27. Petitioner raised this claim in his state petition (Ex. A; Petitioner's Ex. BB), and trial court denied the petition on the merits, stating in pertinent part:

> In Ground XIII, the Petitioner alleges that the Florida Parole Commission abused its discretion in that the Petitioner was deprived of credit for time served and gain time. The record shows that the Petitioner's gain time was forfeited upon his conditional release revocation. This issue has previously been addressed by the courts. In <u>Duncan v. Moore</u>, 754 So.2d 708 (Fla. 2000), the Supreme Court of Florida found that the retention of gain time credits was dependant [sic] not only on satisfactory behavior while in prison, but also on satisfactory behavior while under

> conditional release supervision.  As the
> Petitioner was found in violation of his
> conditional release supervision, his gain time
> was properly forfeited.

Ex. B at 2-3.  As previously noted, the appellate court per curiam denied the petition for certiorari on the merits.

Accordingly, the claim was rejected on the merits by the state trial and appellate courts.  Thus, the ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## VIII. Conclusion

After carefully reviewing the multiple violations of the terms of the conditional release, the summary of the February 19, 2003, violation hearing, the findings and the evidence relied upon, the recommendation of the parole examiner and the Commission's April 23, 2003, Revocation of Conditional Release Order, this Court concludes that Petitioner's federal constitutional rights were not violated.  See Rainey v. Florida Parole Comm'n, No. 08-20713-CIV, 2009 WL 195945 (S.D. Fla. Jan 23, 2009) ("This Court will not

disturb the findings made at the revocation hearing if such are supported by competent, substantial evidence.") (citing <u>Tedder v. Fla. Parole Comm'n</u>, 842 So.2d 1022, 1025 (Fla. 1st DCA 2003) ("It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence.")). Petitioner Spencer was afforded due process of law. A final hearing was conducted where he presented and elicited evidence and testimony with the assistance of counsel. As required by <u>Morrissey v. Brewer</u>, 408 U.S. 471, 488 (1972), Petitioner was given an opportunity to be heard at the hearing and to show either that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violations do not warrant revocation. Further, Petitioner's ineffectiveness claims are without merit.

Any claims not specifically addressed are found to be without merit. Thus, for all of the above-stated reasons, the Amended Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion to Strike Respondent's Amended Response or, in the Alternative, Motion for Evidentiary Hearing (Doc. #26) is **DENIED.**

2.   Petitioner's Motion for Continuance (Doc. #27) is **GRANTED.**

3.   Petitioner's Motion to Proceed (Doc. #30) is **GRANTED** to the extent that the issues have been ruled upon by this Court.

4.   Petitioner's Motion for Supplemental Relief (Doc. #31) is **DENIED.**  If Petitioner believes that the Jimmy Ryce Act is being improperly applied to him, he must, after exhausting his state remedies, file a new habeas action in this Court.

5.   The Amended Petition (Doc. #9) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

6.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of March, 2009.

**TIMOTHY J. CORRIGAN**
United States District Judge

sc 3/3
c:
Randy Lavern Spencer
Counsel of Record